


FILED

Dec 11 2025, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# I N T H E

# Indiana Supreme Court

Supreme Court Case No. 25S-DI-26

## In the Matter of
## Edgardo Javier Martinez Suarez,
*Respondent.*

---

Decided: December 11, 2025

Attorney Discipline Action

---

### Per Curiam Opinion

Chief Justice Rush and Justices Massa, Slaughter, Goff, and Molter concur.

**Per curiam.**

We find that Respondent, Edgardo Javier Martinez Suarez, engaged in attorney misconduct by neglecting a client's immigration matter. For this misconduct, we agree with the parties that Respondent should be suspended from the practice of law for 30 days with automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating to agreed facts and proposed discipline. Respondent's 2005 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* Ind. Const. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Stipulated Facts

The parties' conditional agreement does not tell us much about Respondent's "Client," including her current status. But we do know that in March 2023, Client lived in the United States, wished to stay in the United States, and needed help to do so. She had entered the country in 2022 and been told to appear for an immigration hearing on May 19, 2023. So, she hired Respondent—an immigration lawyer—and paid him $2,500.

Two days before the scheduled hearing, Client contacted Respondent to ask about the procedure for the hearing. Respondent checked online case records, saw that the government had not yet filed necessary paperwork, and advised Client she did not need to appear for the hearing. But the paperwork was filed sometime in those next two days; and after Client did not appear for the hearing, the immigration court ordered her removed *in absentia*.

Client learned of the removal order after a friend taught her how to check online case records. She contacted Respondent, who entered an appearance and moved to reopen the proceedings. Client asserts Respondent did not provide her with copies of these filings and that she

did not know or understand what, if any, steps Respondent was taking on her behalf. In October 2023, the immigration court denied the motion to reopen the proceedings.

Respondent apparently initiated an appeal, although Client indicates she did not receive a copy. Client fired Respondent in December 2023, and Respondent refunded $2,000 of the retainer. Respondent received notice of a briefing schedule after he was fired, but he did not file a brief, withdraw his appearance, or forward the briefing schedule to Client.

Client hired new counsel, who emailed Respondent in April 2024 to request Client's file and other information about the case. Respondent failed to respond.

## Discussion and Discipline

The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failing to provide competent representation.

1.4(a)(2): Failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished.

1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.

1.4(b): Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(d): Failing to withdraw in a timely manner and to promptly return case file materials to which the client is entitled after termination of representation.

Clients seek legal help from attorneys on a wide variety of matters large and small. Many of these clients arrive on their attorney's doorstep in particularly vulnerable and dire circumstances. They may be facing the

loss of their home, their children, their freedom, or—as here—their life in the United States. An attorney's assistance does not assure clients of a favorable outcome in their legal matters, of course. But it should assure clients they will have a conscientious and skilled advocate in their corner, someone who will do his or her level best to help clients navigate their legal predicament and have their proverbial day in court.

We approve the parties' proposed 30-day suspension because it is consistent with discipline imposed in similar cases and there is no indication that Respondent's mishandling of Client's case is part of a broader pattern of neglect. We also take this opportunity to remind all attorneys that even one case neglected is one too many.

## Conclusion

The Court concludes that Respondent violated Indiana Professional Conduct Rules 1.1, 1.4(a)(2), 1.4(a)(3), 1.4(a)(4), 1.4(b), and 1.16(d). For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of 30 days, beginning January 22, 2026. Respondent shall not undertake any new legal matters between service of this opinion and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). When the suspension period concludes, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a).

The costs of this proceeding are assessed against Respondent. Consistent with the parties' conditional agreement, the Court orders Respondent to pay $267.38 by check made payable and transmitted to the Clerk of the Indiana Supreme Court. Upon receipt, the Clerk is directed to disburse those funds as follows: (1) $17.38, payable to the Commission as reimbursement for investigative expenses incurred; and (2) $250.00, payable to the Clerk for court costs. The hearing officer's expenses will be submitted separately.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged with the Court's appreciation.

Rush, C.J., and Massa, Slaughter, Goff, and Molter, JJ., concur.


RESPONDENT PRO SE
Edgardo Javier Martinez Suarez
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Adrienne L. Meiring, Executive Director
Julie E. Bennett, Staff Attorney
Indianapolis, Indiana